**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-6335**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT WILLIAM PUCKETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (CR-98-12; CA-99-161-7-F)

Submitted:  September 15, 2004      Decided:  September 27, 2004

Before MOTZ, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert William Puckett, Appellant Pro Se.  Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert William Puckett seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 22, 2003. The notice of appeal was filed on October 21, 2003.* Because Puckett failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny Puckett's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal

---

*For the purpose of this appeal, we construe Puckett's first request for a certificate of appealability as a notice of appeal and find that the date appearing on that document is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED